IN THE UNITED STATES DISTRICT
COURT FOR IDAHO

Access to Courts Indigent Paper

MAR 13 2026

Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE MATTER OF ) CASE NO. _____
A PETITION FOR )
A WRIT OF ) NOTICE APPEALING
CERTIORANDO ) DISTRICT COURT'S
ON IDAHO ) FAILURE TO
DEPARTMENT ) FILE ATTACHED
OF CORRECTIONS ) PETITION FOR A
_____ ) WRIT OF
_____ ) CERTIORANDO

COMES NOW, LACEM SBVAK, PETI-
TIONER IN THE ABOVE
ENTITLED ACTION, FILING
THIS
NOTICE APPEALING DISTRICT
COURT'S FAILURE TO FILE
ATTACHED PETITION FOR A
WRIT OF CERTIORANDO
GIVING NOTICE AS:

I.

LACEM FILED THE ATTACHED
IN THE U.S. DISTRICT
COURT IN IDAHO.

THE COURT HAS NOT

FILED AND PROCESSED,

II.

LA-COM APPEALS,

III

LA-COM SENT THIS

DOCUMENT BY PRISON

MAIL TO!

NINTH CIRCUIT COURT

OF APPEALS

P. O. BOX 193939

SAN FRANCISCO, CALIFORNIA

94119-3935

US DISTRICT COURT

550 W. FORT ST.

BOISE, IDAHO 83724

#2

#3

DATED THIS 08TH

DAY OF MARCH 2026,

LACEY SIVAK #8114

UNIT 9/ISCI

P. O. BOX 14

BOISE, IDAHO

83707

Access to Courts – Indigent Paper

IN THE UNITED STATES
DISTRICT COURT FOR
IDAHO.

IN THE MATTER          ) CASE NO. _____
OF A PETITION          )
FOR A WRIT             ) PETITION FOR
OF CERTIORANDO         ) A WRIT OF
ON IDAHO DEPART-       ) CERTIORANDO
MENT OF CORREC-        )
TIONS                  )

COMES NOW, LACEY SPIVAK, PETI-
TIONER IN THE ABOVE-
ENTITLED ACTION, FILING
THIS
PETITION FOR A WRIT OF
CERTIORANDO
PETITIONING AS:

I.

A PART OF THE DEFINITION,
TAKEN FROM BALLENTINE'S
LAW DICTIONARY (IN
PERTINENT PART), ON
WRIT OF CERTIORANDO,
IS:

#2

"... A METHOD OF REVIEW OF AN ACTION TAKEN BY AN ADMINISTRATING AGENCY - A WRIT TAKEN BY A SUPERIOR... COURT... TO SOME OTHER TRIBUNAL OR OFFICER EXERCISING A JUDICIAL FUNCTION, REQUIRING THE CERTIFI-CATION AND RETURN OF THE RECORD AND PROCEED-INGS IN ORDER THAT THE RECORD MAY REVISED AND CORRECTED IN MATTERS OF LAW. - IT IS A COMMON

LAW WAIT
#3

II

THIS MATTER IS
SIMPLE. - WHEN LACEY
CAME INTO IDOC CUSTODY,
THE 1947 VERSION OF
IDAHO CODE 20-244 WAS
IN PLACE. - ( IT IS IN
ATTACHMENT TWO,)

IN 2024, THERE WERE
ISSUES ON WHAT TO OBEY
AND PRISON STAFF WERE
DISOBEYING LAWS, - LACEY

#4

ADDRESSED IT TO THE
CAPTAIN OF THE PRISON,
AND, HIS RESPONSE IS
ATTACHMENT ONE.

04 MARCH 2025, LACEY
WAS MOVED TO UNIT 9
OF ISCI, AND, J. MUNGER
IS THE SGT. - SHE HAD
ALOT STOLEN FROM LACEY,
AND, ANY ATTEMPT TO
DEAL WITH WARDEN TYRELL
DAVIS WERE FUTILE,
SO, WHEN NICK BAIRD
TOOK OVER AS WARDEN

ATTACHMENT TWO IS

THE COMMUNICATION

LACEY SENT, SHOWING

THAT EVEN IN 2016,

WARDEN RANDY BLADES

OF ISCC PRISON RECOG-

NIZED IT. —

AT A MEETING AFTER

THAT, LACEY ADDRESSED

IT TO NUMBER 11 JULY

25 AND SHE WALKED

OUT. — A WRITTEN

PAPER IS ATTACHMENT

THREE, AND, CLEARLY #6
SHE IS AVOIDING
SAYING SHE OBEYS THE
LAWS.—
    MUNGER HAS PUT OUT
RULES THAT GAVE HER
ABSOLUTE POWER (ATTACH-
MENT FOUR).
    MUNGER HAS STAFF
COME INTO THE CELL
PERIODICALLY AND
STEAL LACEY'S PERSONAL
PROPERTY.—

#7

SHE HAD A CART-
FULL OF BOXES OF FILES
STOLEN 07 MARCH 2025,
WITH SOME OF LACEYS
RECEIPTS AND, HER
STATEMENT TO LACEY
IS THAT SHE WILL
CONTINUE TO HAVE
LACEY'S PROPERTY TAKEN
SINCE LACEY DOES NOT
HAVE THE RECEIPTS,
(FROM 1981-2014, LACEY WAS
ON DEATH ROW AND THE
UNIT KEPT A RECORD

OF THE PROPERTY EACH $8 PRISONER HAD, SO, RECEIPTS WERE NOT USED.

AT JSCC PRISON, VERNON BREENLAND STOLE ALL LACEY'S RECEIPTS. MUNGER DID 07MARCH 2025.

III

LACEY SEEKS THIS COURT AGREE WITH LACEY IN THE LETTER TO NICK BAIRD (ATTACHMENT TWO)

AND THAT LACEY #9
HAS ACCRUED RIGHTS
AND IS ALLOWED
WHAT IS ALLOWED IN
THE PRISON AND SAFELY
FITS IN A CELL WITH
LACEY.

IV

LACEY SENT SETS OF
THIS DOCUMENT BY
PRISON MAIL TO:

U.S. DISTRICT COURT
550 W. FORT ST,
BOISE, IDAHO 83724

RAUL LABRADOR    #10

IDAHO ATTORNEY GENERAL

P.O. BOX 83720

BOISE, IDAHO 83720


DATED THIS 11TH DAY

OF DECEMBER 2025,


LACEY SEVAK 18114

UNIT 9 ISCI

P.O. BOX 14

BOISE, IDAHO 83707

*Court Filing Record*

*Court: United States Court of Appeals for the Ninth Circuit*

*Date Submitted: 03-10-2026*

*Date Filed: 03-10-2026*

*9th Cir. Case No.*

*Resident Name: Lacey Sivak*

*Resident No.: 18114*

*Document Title: Notice Appealing District Court's Failure To File Attached Petition For A Writ of Certiorando*

*Total Pages: 14 (not including cover page)*

*Total: 1 of 2*

*Court Filing Record*

*Court: United States Court of Appeals for the Ninth Circuit*

*Date Submitted: 03-10-2026*

*Date Filed: 03-10-2026*

*9th Cir. Case No.*

*Resident Name: Lacey Sivak*

*Resident No.: 18114*

*Document Title: Notice Appealing District Court's Failure To File Attached Petition For A Writ of Certiorando*

*Total Pages: 23 (not including cover page)*

*Total: 2 of 2*

ATTACHMENT ONG

28 AUG 24 CONCERN TO

GJB NGM

25-A

# IDAHO DEPARTMENT OF CORRECTION
## Resident Concern Form

Resident Name: _Jacey Sivak_   IDOC Number: _Blll_

Institution, Housing Unit, & Cell: _ISCI Unit-10_   Date: _28 Aug 24_

To: _CAPTAIN T GIBNEY_

(Address to appropriate staff: Person most directly responsible for this issue or concern)

Issue/Concern: _WE ARE HAVING SOME ISSUES - STAFF TELL ME THAT STAFF AND PRISONERS DO NOT HAVE TO OBEY IDAHO LAW - BUT, THE S.O.P. (DISCIPLINARY) AND ARE REQUIRE PRISONERS TO OBEY THE STATE AND FEDERAL LAWS, EACH STAFF TOOK AN OATH TO DEFEND THE LAWS - DO ALL STAFF AND PRISONERS HAVE TO OBEY THE LAWS?_

(Description of the issue must be written only on the lines provided above.)

Resident signature: _[signature]_

### Staff Section

(Signature of Staff Member Acknowledging receipt) / Associate ID #   _1.5928_   Collected/Received: _8/28/24_

(Date collected or Received)

Reply: _Staff and residents must follow laws, sops, and directives_

Responding Staff Signature: _Capt Gibney_   Associate ID #: _9263_   Date: _8/29/24_

Pink copy to resident (after receiving staff's signature).
Original and yellow to responding staff  (after completing reply, yellow copy returned to resident). Last Rev. 1/21

PRT3NCRCF

ATTACHMENT TWO

11 JULY 25 LETTER TO

BOARD

11 JULY 25

LA Cen 5 IDVAIC 18114
UNIT 9 ISCI

Access to Courts — Indigent Paper

NICK BAIRD
ISCI WARDEN.

A BIG PROBLEM AT YOUR FACILITY.
 TO EXPLAIN:
  I CAME INTO IDOC CUSTODY
DEC. 1981, AND, HAVE BEEN IN
IDOC CUSTODY SINCE.
 THE LAWS AT MY ARRIVAL
IS THE BOXED AREA OF ATTACH, A.
 ATTACH, B, TELLS IT IS AN
"ACCRUED RIGH →
  ← ATTACH, C, TELLS IN THE U.S.
CONSTITUTION, ARTICLE I, SECTION
10 POWERS DENIED THE STATES. (1) NO
STATE SHALL... PASS ANY BILL OF
ATTAINDER, EX POST FACTO LAW,'"
 ← ATTACH, D, SHOWS IT WAS STILL
RECOGNIZED ON ME IN 2016.
 AND, BRIAN KLINGENSMITH
ALLOWED IT (RECOGNIZED IT IN
UNIT 10 OF ISCI IN 2024.
  KLINGENSMITH RETIRED WITH
2024. - ROBERT FULLER CAME IN

#2

WITH 2025 AND TRIED
TO MOVE ME OUT ID JAN 25, BECAUSE
R. GILLESPIE, A PRISONER (AND PIMP
OF HOMOSEXUALS/TRANSGENDERS) met
DAILY WITH FULLER AND WANTED
ME MOVED.-
WHEN THAT FAILED, FULLER REQUIRED
I SCRUB THE SHOWER AFTER EACH
TIME I SHOWERED (ONLY ME).-
WHEN THAT FAILED, FULLER ASSAULTED
ME (BY IDAHO CODE). - FULLER
HAD ME MOVED 04 MARCH 25 TO
UNIT 9.- GRESSBCK AND MUNTER
ASSISTED FULLER IN RETALIATING
BY HAVING KUHRT AND HONG
STEAL ALOT OF MY PROPERTY/
FILES/MEDICAL/A.D.A. -
(ANY PROPERTY TAKEN MUST BE
INVENTORIED.- THAT IS IN
THE SEARCH POLICY.-THERE IS
NO EXCEPTIONS) - BY THE
IDAHO LAW, ANY PROPERTY
THE TAKE AND DO NOT GIVE A
RECEIPT FOR BEFORE THEY GO
OFF SHIFT IS GRAND THEFT.
(IF I HAVE MORE LEGAL THAN
SAFELY FITS IN MY AREA, I

Access to Courts – Indigent Paper

WORK WITH THE
PARALEGAL - SEE PROCESS
STEP 5 OF THE CHART IN

SECTION 15 OF 405.02.01.001.
- ON 12 JUNE, KUHNT AND
HONG STOLE VALUE MORE.-

ON 11 JULY, I WAS MEETING
WITH MUNGER IN THE UNIT
9,B-TIER DAYROOM.- SEVERAL
CONCERNS STAFF SENT TO
THE PEOPLE THEM WERE ADDRESSED
AND MUNGER THREATENED
TO PUNISH ME BC STAFF
SENT THE CONCERNS DUE.-

WHEN I TOLD HER THAT
JUSTIN GIBNEY (YOUR STAFF)
AND IDOC'S KIM BANSCA REQUIRE
ALL STAFF AND PRISONERS
MUST OBEY STATE AND
FEDERAL LAWS AND THE SOP,
MUNGER MADE IT CLEAR
THAT SHE ONLY FOLLOWS HER
INTERPRETATION OF THE
SOP... - SHE CUT THE MEETING

BY PICKING UP HER
STUFF AND WALKING OUT.

Access to Courts – Indigent Paper

ALL MY LEGAL AND PROPERTY
AND MEDICAL AND A.D.A. TAKEN
AND STOLEN BY KURT AND
HONG 07 MARCH 25 AND
12 JUNE 25. WERE ALLOWED
BY ATTACHED LAW AND
CONSTITUTION.
ANY LEGAL THAT IS OVER
WHAT I CAN SAFELY MAIN
TAIN FALLS UNDER 401,
02, 01, 001, SECTION II, PROCESS
STEP 5, FINAL NUMBER
PRESS 2CC, KURT AND HONG
ARE NOT PARALEGALS.
THE 6 CUBIC FEET DOES
NOT APPLY.

PLEASE ORDER THEM RETURN
ALL TAKEN AND STOLEN 07
MARCH AND 12 JUNE AND
THEM BE INVESTIGATED.
(I AM BUSY 1000 - NOON TUESDAYS
AND THURSDAYS) - I WILL
COOPERATE WITH A RIGHTDOWN
INVESTIGATION.

ATTACH. A.

or probation services or the supervision of any parole or probation case arising within the said County or Municipality, as the case may be, or the maintenance therein of work camps as authorized by this Act.

3. To accept any grant or donation or land or any gift of money or valuable thing made to the State for any of the purposes contemplated by this Act.

SEC. 42. The State Board of Correction may maintain camps at which persons released on parole or probation may be employed for not more than six months at public works under the supervision of the State Board of Forestry or State Highway Commission, or other State Agency or County or Municipality authorizing such work. Any person so employed shall receive such wage for his or her services as may be fixed by the State Board of Correction.

SEC. 43. When any convicted person is delivered to the penitentiary, the officer having the prisoner in charge shall deliver to the Chairman of the State Board of Correction or such official, as the Board may designate, a certified copy of the commitment received by such officer from the Clerk of the Court where the convicted person was tried, and shall take from such official a certificate of the delivery of such convicted person, and such certified copy of the commitment shall be evidence of the fact therein contained.

SEC. 44. The State Board of Correction shall make and adopt such rules and regulations for the government and discipline of the penitentiary as they may consider expedient, and from time to time, change and amend the same as circumstances may require. In making such rules and regulations they shall, so far as practicable and consistent with the discipline of the prison, adopt such as shall in their judgment best conduce to the reformation of the inmates. A printed copy of the rules and regulations shall be furnished to every officer and guard at the time he is appointed, and so much thereof as relates to the duties and obligations of the convicted persons shall be hung up in a conspicuous place in each cell and shop.

SEC. 45. The State Board of Correction shall have the authority to use, under such rules and regulations as they may prescribe, the labor of convicts either within or without the walls of the penitentiary and on all public works done under the direct control of the State; provided, that so far as practicable any manufacture conducted within the walls shall be in connection with metal motor license plates, road or street signs furnished by the State or used by its muni-

## IDAHO SESSION LAWS

## CHAPTER 52

(S. B. No. 46)

### AN ACT

CHAPTER 13, TITLE 40, IDAHO CODE ANNOTATED, RELATING TO LIFE, ACCIDENT, AND HEALTH INSURANCE—SPECIAL PROVISIONS—BY ADDING A NEW SECTION THERETO TO BE KNOWN AS SECTION 40-1320 TO PROVIDE FOR THE PAYMENT OF PREMIUMS ON LIFE INSURANCE CONTRACTS BY PERSONS HAVING NO INSURABLE INTEREST IN THE LIFE OF THE ASSURED WHERE SUCH ASSURED MAKES AS BENEFICIARY SOME CHARITABLE, FRATERNAL, EDUCATIONAL OR RELIGIOUS INSTITUTION; PROVIDING METHOD OF DESIGNATING RIGHTS OF APPLICATION OF PREMIUMS ON SUCH CONTRACTS.

Be It Enacted by the Legislature of the State of Idaho:

SECTION 1. That Chapter 13, Title 40, of the Idaho Code be, and the same is hereby amended by adding a new section thereto to be designated as Section 40-1320 and to read as follows:

40-1320. LIFE INSURANCE CONTRACTS ONLY WHERE NO INSURABLE INTEREST EXISTS; CONTRACTUAL BENEFICIARIES REQUIRED—RIGHTS OF PARTIES IN CONTRACT. It shall be lawful for a life insurance contract to be made and entered into on the life of any person paying the premium where the person paying the premium has no insurable interest in the life of the person so assured, if the assured designates a charitable, benevolent, educational, or religious institution as the beneficiary thereof. In making such contracts the person thereof shall designate and name the beneficiary, and shall make and sign the application, also in making such contracts the person so insured, or on whose life the contract is to be insured, whether a charitable, benevolent, educational or religious institution also participating as one of the beneficiaries of such policy. The application shall be signed by the person whose life is to be insured, and the contract shall be binding between and binding upon the person paying the premium and the person paying the premium, and the contract shall have all rights comprehended in such insurance contract as any time during the period of maturity, notwithstanding the person has no insurable interest in the life of the assured.

February 18, 1947.

---

## IDAHO SESSION LAWS

59

## CHAPTER 53

(H. B. No. 76)

### AN ACT

ABOLISHING STATE BOARD OF PRISON COMMISSIONERS AND CREATING A NON-PARTISAN BOARD OF CORRECTION TO HAVE CONTROL OVER, DIRECTION OF AND MANAGEMENT OF THE PENITENTIARY OF THE STATE UNDER A COMPREHENSIVE PLAN; SETTING FORTH THE PLAN AND SYSTEM OF ORGANIZATION TOGETHER WITH THE METHOD OF CONTROL AND MANAGEMENT OF THE PENITENTIARY; METHOD OF SELECTING MEMBERS OF THE BOARD AND QUALIFICATIONS AND RESTRICTIONS UPON SAME; GRANTING POWERS AND IMPOSING DUTIES UPON THE COMMISSION AND THE MEMBERS THEREOF; ESTABLISHING RULES, METHODS OF PROCEDURE AND PRACTICE RELATING TO PAROLES AND THE CONDITION UNDER WHICH SUCH PAROLES AND REVOCATIONS THEREOF ARE GRANTED OR REVOKED; FORBIDDING MEMBERS OR EMPLOYEES FROM HAVING AN INTEREST IN ANY CONTRACT INVOLVING EXPENDITURES RELATIVE TO THE PENITENTIARY; PROVIDING POWERS, METHODS, PROCEDURE AND PRACTICE RELATIVE TO RELEASES AND TO REPRIEVES BY THE GOVERNOR; GRANTING SPECIAL POWERS TO MAKE CONTRACTS AND TO ACCEPT DONATIONS; PROVIDE PRISONER CAMPS; GRANTING THE RULE MAKING POWER TO THE COMMISSION FOR GOVERNMENT AND DISCIPLINE OF THE PENITENTIARY; GRANTING THE RULE MAKING POWER TO THE COMMISSION IN THE MATTER OF THE USE THAT CAN BE MADE OF SUCH LABOR AND LIMITING THE USE OF THE LABOR OF THE INMATES AND RESTRICTING ANY PRODUCTS OF CONVICT LABOR AS TO SALE ON THE OPEN MARKET; REPEALING INCONSISTENT PRIOR LEGISLATION AND DECLARING AN EMERGENCY.

Be It Enacted by the Legislature of the State of Idaho:

SECTION 1. The State Board of Prison Commissioners is hereby abolished and the duties thereof imposed upon a non-partisan board of three members to be known as the "State Board of Correction", appointed by the Governor, which is hereby created. Not more than two members shall belong to the same political party. The terms of the first members shall expire as follows: One member on January 1, 1949; one member on January 1, 1951; and one member on January

C. 54 '47    IDAHO SESSION LAWS    71

cipalities, wearing apparel, articles, containers, for State use in the various Departments or institutions of the State and not for sale upon the open market. When any product produced by the convict shall be used by any Department or other institution of the State, the current appropriation or institution shall receive from such Department or institution such reimbursement therefor as may be fixed by the State Board of Correction with the approval of the State Board of Examiners.

SEC. 46. All acts and parts of acts in conflict herewith, including chapters 38 and 39, Title 19; Chapter 1, Title 20, Chapter 3, Title 20; Chapter exceeding only Section 20-101; Chapter 3, Title 20; Chapter 4, Title 20, all Idaho Code Annotated, are hereby repealed.

SEC. 47. An emergency existing therefor, which emergency is hereby declared to exist, this Act shall be in full force and effect from and after the date of its passage and approval by the Governor.

Approved February 19, 1947.

## CHAPTER 54
(H. B. No. 91)

## AN ACT

AMENDING SECTION 42-701, IDAHO CODE ANNOTATED, AS AMENDED BY CHAPTER 93 OF THE 1941 SESSION LAWS, AND CHAPTER 126 OF THE 1945 SESSION LAWS, RELATING TO THE PREPARATION OF ASSESSMENT ROLLS IN IRRIGATION DISTRICTS AND LEVY OF ASSESSMENT FOR THE USE OF IRRIGATION DISTRICT ASSESSMENT NUMBERS IN LIEU OF METES AND BOUNDS DESCRIPTIONS OF TRACTS WITHIN THE DISTRICT.

Be it Enacted by the Legislature of the State of Idaho:

SECTION 1. Section 42-701, Idaho Code Annotated, as amended by Chapter 93 of the 1941 Session Laws and amended by Chapter 126 of the 1945 Session Laws, be and the same is hereby amended to read as follows:

42-701. PREPARATION OF ASSESSMENT BOOK.—LEVY OF ASSESSMENTS.—The secretary of the board of directors shall be the assessor of the district, and on or before August fifteenth of each year shall prepare an assess-

---

IDAHO SESSION LAWS    C. 53 '47

a services, or the supervision of any parole or Municipality arising within the said County or Municipality as the case may be, or the maintenance therein of as authorized by this Act.

cept any grant or donation or land or any gift valuable thing made to the State for any of the contemplated by this Act.

The State Board of Correction may maintain which persons released on parole or probation may for not more than six months at Forestry or of the State Board of Forestry or County supervision, or other State Agency so cipality authorizing such work. Any person so shall receive such wage for his or her services as by the State Board of Correction.

When any convicted person is delivered to the officer having the prisoner in charge shall as the Board may designate, a certified copy of the Chairman of the State Board of Correction or tment received by such officer from the Clerk of where the convicted person was tried and shall such official a certificate copy, of the commitperson, and such certified copy, of the commitbe evidence of the facts therein contained.

The State Board of Correction shall make and rules and regulations for the government and of the penitentiary as they may consider expedient and may from time to time, change and amend the same ees may require. In making such rules and regulations shall, so far as practicable and consistent with line of the prison, adopt such as shall in their best conduce to the reformation of the inpy of the rules and regulations shall be furnished every officer and guard at the time they appointed wh thereof as relates to the duties and obligations cted persons shall be hung up in a conspicuous ch cell and shop.

The State Board of Correction shall have the to use, under such rules and regulations as they ribe, the labor of convicts either within or without of the penitentiary and on all public works done able any direct control of the State, provided, that so far direct control manufacture conducted within the walls (in connection) with metal motor license plates, road signs furnished by the State or used by its muni-

ATTACH. B

 **Idaho Statutes**

TITLE 73
GENERAL CODE PROVISIONS
CHAPTER 1
CONSTRUCTION OF STATUTES

73-106.  ACCRUED RIGHTS AND PENDING ACTIONS NOT AFFECTED. No action or proceeding commenced before the compiled laws take effect, and no right accrued, is affected by their provisions, but the proceedings therein must conform to the requirements of the compiled laws as far as applicable.
History:
[(73-106) C.C.P. 1881, sec. 5; R.S., sec. 8; reen. R.C., sec. 8; reen. C.L. 500:8; C.S., sec. 9448; I.C.A., sec. 70-106.]

How current is this law?

Search the Idaho Statutes and Constitution

ATTACH. C

*UNITED STATES OF AMERICA*

69

# CONSTITUTION OF THE UNITED STATES



## ARTICLE 1
### LEGISLATIVE DEPARTMENT

SECTION 1. LEGISLATIVE POWERS VESTED IN CONGRESS. All legislative powers herein granted shall be vested in a congress of the United States, which shall consist of a senate and house of representatives.

SECTION 2. HOUSE OF REPRESENTATIVES. (1) The house of representatives shall be composed of members chosen every second year by the people of the several states, and the electors in each state shall have the qualifications requisite for electors of the most numerous branch of the state legislature.

(2) No person shall be a representative who shall not have attained to the age of twenty-five years, and been seven years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state in which he shall be chosen.

(3) (Representatives and direct taxes shall be apportioned among the several states which may be included within this Union, according to their respective numbers, which shall be determined by adding to the whole number of free persons, including those bound to service for a term of years, and excluding Indians not taxed, three-fifths of all other persons.) The actual enumeration shall be made within three years after the first meeting of the congress of the United States, and within every subsequent term of ten years, in such manner as they shall by law direct. The number of representatives shall not exceed one for every thirty thousand, but each state shall have at least one representative; and until such enumeration shall be made, the state of New Hampshire shall be entitled to choose three, Massachusetts eight, Rhode Island and Providence Plantations one, Connecticut five, New York six, New Jersey four, Pennsylvania eight, Delaware one, Maryland six, Virginia ten, North Carolina five, South Carolina five, and Georgia three.

(4) When vacancies happen in the representation from any state, the executive authority thereof shall issue writs of election to fill such vacancies.

(5) The house of representatives shall choose their speaker and other officers; and shall have the sole power of impeachment.

SECTION 3. SENATE. (1) (The senate of the United States shall be composed of two senators from each state, chosen by the legislature thereof, for six years; and each senator shall have one vote.)

(2) Immediately after they shall be assembled in consequence of the first election, they shall be divided as equally as may be into three classes. The seats of the senators of the first class shall be vacated at the expiration of the second year, of the second class at the expiration of the fourth year, and of the third class at the expiration of the sixth year, so that one-third may be chosen every second year; (and if vacancies happen by resignation, or otherwise, during the recess of the legislature of any state, the executive thereof may make temporary appointments until the next meeting of the legislature, which shall then fill such vacancies.)

(3) No person shall be a senator who shall not have attained to the age of thirty years, and been nine years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state for which he shall be chosen.

(4) The Vice-President of the United States shall be president of the senate, but shall have no vote, unless they be equally divided.

(5) The senate shall choose their other officers, and also a president pro tempore, in the absence of the Vice-President, or when he shall exercise the office of President of the United States.

(6) The senate shall have the sole power to try all impeachments. When sitting for that purpose, they shall be on oath or affirmation. When the President of the United States is tried the chief justice shall preside: and no person shall be convicted without the concurrence of two-thirds of the members present.

(7) Judgment in cases of impeachment shall not extend further than to removal from office, and disquali-fication to hold and enjoy any office of honor, trust or profit under the United States: but the party convicted shall

(7)  To establish post-offices and post roads;

(8)  To promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries;

(9)  To constitute tribunals inferior to the Supreme Court;

(10)  To define and punish piracies and felonies committed on the high seas, and offenses against the law of nations;

(11)  To declare war, grant letters of marque and reprisal, and make rules concerning captures on land and water;

(12)  To raise and support armies, but no appropriation of money to that use shall be for a longer term than two years;

(13)  To provide and maintain a navy;

(14)  To make rules for the government and regulation of the land and naval forces;

(15)  To provide for calling forth the militia to execute the laws of the Union, suppress insurrections and repel invasions;

(16)  To provide for organizing, arming, and disciplining the militia, and for governing such part of them as may be employed in the service of the United States, reserving to the states respectively, the appointment of the officers, and the authority of training the militia according to the discipline prescribed by congress;

(17)  To exercise exclusive legislation in all cases whatsoever, over such district (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings; and

(18)  To make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution in the government of the United States, or in any department or officer thereof.

SECTION 9.  POWERS DENIED CONGRESS. (1) The migration or importation of such persons as any of the states now existing shall think proper to admit, shall not be prohibited by the congress prior to the year one thousand eight hundred and eight, but a tax and duty may be imposed on such importation, not exceeding ten dollars for each person.

(2)  The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it.

(3)  No bill of attainder or ex post facto law shall be passed.

(4)  No capitation, or other direct, tax shall be laid, unless in proportion to the census or enumeration hereinbefore directed to be taken.

(5)  No tax or duty shall be laid on articles exported from any state.

(6)  No preference shall be given by any regulation of commerce or revenue to the ports of one state over those of another; nor shall vessels bound to, or from, one state, be obliged to enter, clear, or pay duties in another.

(7)  No money shall be drawn from the treasury, but in consequence of appropriations made by law; and a regular statement and account of the receipts and expenditures of all public money shall be published from time to time.

(8)  No title of nobility shall be granted by the United States; and no person holding any office of profit or trust under them, shall, without the consent of the congress, accept of any present, emolument, office, or title, of any kind whatever, from any king, prince, or foreign state.

SECTION 10.  POWERS DENIED THE STATES. (1) No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; make anything but gold and silver coin a tender in payment of debts; pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts, or grant any title of nobility.

(2)  No state shall, without the consent of the congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws: and the net produce of all duties and imposts, laid by any state on imports or exports, shall be for the use of the treasury of the United States; and all such laws shall be subject to revision and control of the congress.

(3)  No state shall, without the consent of congress, lay any duty of tonnage, keep troops, or ships of war in time of peace, enter into any agreement or compact with another state, or with a foreign power, or engage in war, unless actually invaded, or in such imminent danger as will not admit of delay.

ATTACH. D



IDAHO DEPARTMENT OF CORRECTION
Offender Concern Form

Q7-13

Offender Name:

Institution Housing Unit & Cell:

IDOC Number:

Date:

To:

(Address to appropriate Staff Person most directly responsible for this issue of concern)

Issue/Concern:

(Description of the issue must be written only on the lines provided above)

RECEIVED
AUG 24 2016
ISCC WARDEN

Offender signature:

Staff Sections

Collected/Received:

Date:

(Signature of Staff Member Acknowledging (receipt) Associate ID #

Reply:

Responding Staff Signature

Associate ID #

(Signature of Staff Member (after receiving staffs signature)

(Pink copy to offender (after receiving staffs signature)
Original and yellow to responding staff, (after completing reply yellow copy returned to offender)

Appendix list updated 2/14/12

ATTACHMENT THREE

11 JULY 25 CUNCERN TO

MUNGER

B4SA

**IDAHO DEPARTMENT OF CORRECTION**
**Resident Concern Form**

Resident Name: LACEY CIVAL

Institution, Housing Unit, & Cell: ISCI UN PTS                    IDOC Number: 1814

To: SGT T. BUNER (UN T CS                                          Date: 11 TUL 4 ZS

(Address to appropriate staff. Person most directly responsible for this issue or concern)

Issue/Concern: YOU WERE UNHAPPY AND WALKED OUT OF OUR MEETIN
123 TODAY. IT WAS OPERATIN UNDER IMPROPER INSTRUCTION
AND CAPT J. TRNER "STAFF AND RESIDENTS MUST FOLLOWIN
SOP'S AND DIRECTIVES" FOR YOU TO BLATANTLY TELL
ME WITHOUT ANY LEGAL AUTHORITY THE LAW MEANS YOU ARE A
PEOPLE ARE LIABLE FOR THIS IN MISCONDUCT PLEASE NEE

(Description of the issue must be written only on the lines provided above.)

Resident signature:

---

**Staff Section**

(Signature of Staff Member Acknowledging receipt)        Associate ID #        Collected/Received: 7/13/25

Reply: I Follow. 911   SOPS                                         (Date collected or Received)

Responding Staff Signature: SGT/Bunfer          Associate ID #: 5061        Date: 7/14/25

Pink copy to resident (after receiving staff's signature)
Original and yellow to responding staff. (after completing reply, yellow copy returned to resident) Last Rev. 1/21

PRT3NCRCF

ATTACHMONT FOUR

MUNNGER`S 01 APRIL 2025

memo



**IDAHO DEPARTMENT OF CORRECTION**

*Protect the public, our staff and those within our custody and supervision*

BRAD LITTLE
Governor

JOSH TEWALT
Director

Date:   April 1, 2025

To:     Resident L. Sivak 18114

From: Sgt. Munger

Subject: Single Point of Contact for Resident L. Sivak 18114

Dear Resident, Sivak,

This memo serves to inform you that I, Sgt. Munger have been assigned as your single point of contact for any non-emergent concerns you may have. You will be required to meet with Sgt. Munger on a weekly basis to discuss these matters. The frequency of these meetings may be adjusted based on the progress of your concerns.

Please be aware that all staff members have been instructed to sign and forward any concern forms and communications, including confidential items, to Sgt. Munger. If the Concern Form states any immediate emergent concerns (Protective Custody, PREA, Suicidal/Homicidal statements) staff will take care of those concerns.

It is expected that you adhere to the procedures for submitting Concern Forms as detailed in SOP 316.02.01.001, specifically referring to the section titled "Offender Concern Forms." Ensure you are familiar with the proper format, which consists of:

- **White Copy**: The original, to be filed.
- **Pink Copy**: Returned to you as proof of submission after a staff member signs it.
- **Yellow Copy**: Contains the response from the staff member and is returned to you.

All three copies must be presented when you submit your forms for signatures. Failure to comply will result in your form being returned unanswered, with the note "No staff signature present."

Continued failure to adhere to these instructions may lead to disciplinary action in accordance with SOP 318.02.01.001 for Disciplinary Offense Reports.

Thank you for your attention to this matter.

ATTACHMENT THREE

25-7539 PETITION PER FRAP 40 TO REHEAR (RECONSIDER) THE ATTACHED 19 DEC, 25 RULING, RECEIVED 22 DEC, 25